# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 22, 2010

## STATE OF TENNESSEE v. DAVID SCOTT WINFREY

**Appeal from the Criminal Court for Sumner County**
**No. 819-2007, 41-2008, 848-2007      Dee David Gay, Judge**

---

**No. M2009-02480-CCA-R3-CD - Filed November 10, 2010**

---

The Defendant, David Scott Winfrey, pleaded guilty to twenty-nine Class A misdemeanors consisting of one count of aggravated criminal trespass, one count of stalking, thirteen counts of harassment, and fourteen counts of violation of an order of protection. Following a sentencing hearing, the trial court sentenced the Defendant to eleven months and twenty-nine days for each offense and ordered that ten of his violation of an order of protection sentences run consecutively. In a previous decision, we remanded this matter for re-sentencing, concluding that the trial court erroneously applied Tennessee Code Annotated section 39-13-113(g). See State v. David Scott Winfrey, No. M2008-01429-CCA-R3-CD, 2009 WL 2486180 (Tenn. Crim. App., Nashville, Aug. 14, 2009). The Defendant now appeals the consecutive sentences imposed upon re-sentencing and contends that they are not in accordance with our previous opinion in this matter. After reviewing the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Mike Anderson, Assistant Public Defender, Gallatin, Tennessee, for the appellant, David Scott Winfrey.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Bryna Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual Background

In the Defendant's previous appeal, we summarized the underlying facts as follows:

[The Defendant] and the victim were involved in a romantic relationship. On April 23, 2007, the victim obtained an order of protection against [the Defendant] after an altercation. Following the entry of the order of protection, [the Defendant] continued to have contact with the victim. As a result of incidents in June and July of 2007, [the Defendant] was indicted for multiple offenses in connection with his contact with the victim. The Sumner County Grand Jury indicted [the Defendant] for eleven counts that consisted of the following: one count of aggravated criminal trespass, one count of stalking, four counts of harassment, and five counts of violation of an order of protection. As a result of incidents in August 2007, the Sumner County Grand Jury also indicted [the Defendant] for one count of harassment and one count of violation of an order of protection. As a result of incidents in December of 2007, the Sumner County Grand Jury indicted [the Defendant] for eight counts of violation of an order of protection and eight counts of harassment.

On April 10, 2008, [the Defendant] entered a no contest plea to all twenty-nine Class A misdemeanors with which he was charged. The indictments for the misdemeanor charges stem from three cases, 819-2007, 848-2007, and 41-2008. The following chart shows the case number, followed by each count of the indictment with the date of the alleged offense and the charge.

**819-2007**

| | | |
|---|---|---|
| Count 1 | June 22, 2007 | Aggravated Criminal Trespass |
| Count 2 | June 22-July 19, 2007 | Stalking |
| Count 3 | July 15, 2007 | Harassment |
| Count 4 | July 15, 2007 | Violation of an Order of Protection |
| Count 5 | July 16, 2007 | Harassment |
| Count 6 | July 16, 2007 | Violation of an Order of Protection |
| Count 7 | July 18, 2007 | Harassment |
| Count 8 | July 18, 2007 | Violation of an Order of Protection |
| Count 9 | July 19, 2007 | Harassment |
| Count 10 | July 19, 2007 | Violation of an Order of Protection |
| Count 11 | July 20, 2007 | Violation of an Order of Protection |

**848-2007**

| | | |
|---|---|---|
| Count 1 | August 12, 2007 | Harassment |

| Count 2 | August 12, 2007 | Violation of an Order of Protection |

**41-2008**

| Count 1 | December 6, 2007 | Violation of an Order of Protection |
| Count 2 | December 6, 2007 | Harassment |
| Count 3 | December 7, 2007 | Violation of an Order of Protection |
| Count 4 | December 7, 2007 | Harassment |
| Count 5 | December 8, 2007 | Violation of an Order of Protection |
| Count 6 | December 8, 2007 | Harassment |
| Count 7 | December 9, 2007 | Violation of an Order of Protection |
| Count 8 | December 9, 2007 | Harassment |
| Count 9 | December 10, 2007 | Violation of an Order of Protection |
| Count 10 | December 10, 2007 | Harassment |
| Count 11 | December 11, 2007 | Violation of an Order of Protection |
| Count 12 | December 11, 2007 | Harassment |
| Count 13 | December 12, 2007 | Violation of an Order of Protection |
| Count 14 | December 12, 2007 | Harassment |
| Count 15 | December 13, 2007 | Violation of an Order of Protection |
| Count 16 | December 13, 2007 | Harassment |

The twenty-nine misdemeanors consisted of one count aggravated criminal trespass, one count of stalking, thirteen counts of harassment, and fourteen counts of violation of an order of protection. On May 30, 2008, the trial court held a sentencing hearing to determine the length and manner of service of [the Defendant's] sentence. At the conclusion of the sentencing hearing, the trial court sentenced [the Defendant] to eleven months and twenty-nine days for each of the twenty-nine misdemeanor convictions to be served at seventy-five percent. The trial court ordered that ten of the violation of an order of protection order [sic] sentences be run consecutively to each other and the remainder of the sentences to be run concurrently with each other. In addition, the trial court ordered [the Defendant] to serve three of the consecutive sentences and then be placed on supervised probation for seven years. [The Defendant] was to be given jail time credit for the roughly nine months he had served up until the time of sentencing.

State v. David Scott Winfrey, No. M2008-01429-CCA-R3-CD, 2009 WL 2486180, at *1-2 (Tenn. Crim. App., Nashville, Aug. 14, 2009).

In the Defendant's original sentencing hearing, the trial court imposed consecutive sentences for ten of the violation of an order of protection offenses and referred to Tennessee

Code Annotated section 39-13-113(g) as authority to impose the consecutive sentences. See id. at *3. The relevant portion of the statute states as follows:

> A violation of this section is a Class A misdemeanor, and any sentence imposed shall be served consecutively to the sentence for any other offense that is based in whole or in part on the same factual allegations, unless the sentencing judge or magistrate specifically orders the sentences for the offenses arising out of the same facts to be served concurrently.

Tenn. Code. Ann. § 39-13-113(g).

However, in the Defendant's direct appeal, we determined that the trial court interpreted the statute incorrectly, noting that "[t]he statute states that a sentence imposed for violating an order of protection 'shall be served consecutively' to any sentence imposed for 'any *other* offense' stemming from the same factual allegations." Winfrey, 2009 WL 2486180, at *4 (emphasis in original). On remand, we stated that "the trial court may order the sentences for the violation or [sic] an order of protection to run consecutively to any other offenses which are based upon the same underlying facts." Id.

On October 30, 2009, the trial court re-sentenced the Defendant and imposed the following sentences: In case 819-2007, counts 1 through 11 are to run concurrently, but consecutive to count 1 (harassment) in case 848-2007; Count 2 (violation of an order of protection) from case 848-2007 is to run consecutively to count 1 from case 848-2007 (harassment); Counts 1 (violation of an order of protection) and 2 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed; Counts 3 (violation of an order of protection) and 4 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed; Counts 5 (violation of an order of protection) and 6 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed; Counts 7 (violation of an order of protection) and 8 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed; Counts 9 (violation of an order of protection) and 10 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed; Counts 11 (violation of an order of protection) and 12 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed; Counts 13 (violation of an order of protection) and 14 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed; and Counts 15 (violation of an order of protection) and 16 (harassment) from case 41-2008 are to run concurrently with each other, but consecutive to the other sentences imposed. Thus, the

Defendant received an effective sentence of ten years, to be served as follows: three years to serve, followed by seven years on supervised probation. The Defendant now appeals.

**Analysis**

The Defendant contends that the trial court erred when it ordered that ten of his twenty-nine sentences run consecutively.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the parties with a reasonable opportunity to be heard as to the length and manner of service of the sentence. See Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. See Tenn. Code Ann. § 40-35-302(e).

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may, in its discretion, order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing.

No additional proof, beyond what was offered at the Defendant's original sentencing hearing, was presented at the October 30, 2009 re-sentencing hearing. After hearing arguments at the re-sentencing hearing, the trial court found by a preponderance of the evidence that the Defendant's record of criminal activity was extensive. Based on that factor, the court found that consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(2) was "warranted and justified."

In reaching its finding that the Defendant's criminal activity was extensive, the trial court noted that, although the Defendant had been charged with, and pleaded guilty to,

twenty-nine offenses, the State presented evidence that the Defendant had committed *many* more crimes for which he had not been charged. The trial court stated that from July 15, 2007 to July 19, 2007, the Defendant called the victim, and therefore, violated the order of protection, at least fifty-two times. The court recalled that on December 6, 2007, it reminded the Defendant that he was not to have any contact with the victim. However, the court found that, from December 6, 2007 to December 14, 2007, the Defendant violated the order of protection 1,270 times when, from jail, he called the victim's home 185 times, made 224 calls to her work, and called her cell phone 861 times. The trial court also noted that, at the original sentencing hearing, Detective Wes Martin of the Sumner County Sheriff's Department, "testified that the total of all calls from November 29th [was] 2,848 calls. That's extensive. That's a violation of three court orders and each one of those calls is a violation of an order of protection." Finally, the trial court said, "I find that the record is replete with extensive criminal activity, and I don't know what extensive criminal activity is if this isn't."

In our previous opinion in this matter, we stated the following:

Outside of the requirements of Tennessee Code Annotated section 39-13-113(g), a trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. However, in this case, none of the criteria applies to the Appellant.

State v. David Scott Winfrey, No. M2008-01429-CCA-R3-CD, 2009 WL 2486180, at *4 (Tenn. Crim. App., Nashville, Aug. 14, 2009). The Defendant argues that because we stated in his previous appeal that none of the consecutive sentencing criteria applied to him, and the proof at his first and second sentencing hearing was the same, then the sentence imposed by the trial court at his re-sentencing hearing was not "in accordance with the previous opinion of this Court." Upon reviewing the transcript of the first sentencing hearing, we believe a more accurate characterization of events is that, because it relied erroneously on Tennessee Code Annotated section 39-13-113(g), the trial court did not make any specific findings on the record regarding the applicability of the consecutive sentencing criteria, not that none of them applied to the Defendant. As noted above, on remand, the trial court made a specific finding that consecutive sentencing was warranted because the Defendant's record of criminal activity is extensive. Upon review, we conclude that the record supports this finding and that the Defendant is not entitled to relief on this issue.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the sentences imposed by the trial court.

_____
DAVID H. WELLES, JUDGE